CarutheRS, J.,
delivered the opinion of the Court.
This case involves the construction of the will of James Walch, made in 1835.
“ I give to my sister, Nancy, all my land estate, and negro man, named Abe, and a negro boy, named Stephen, during her natural life, then to be sold and equally divided amongst my sisters and brother.” The testator had no parents living, nor any wife or children, and only two sisters, besides the said Nancy, and one brother. Nancy died July, 1858. Margaret Walch, one of the sisters, after selling her interest to her nephew, the defendant, died before the said Nancy. It seems to be doubted whether William Walch, the only *494 brother of the testator, is dead or not, but he also sold his interest to the defendant, Norman Walch, long before the death of the tenant for life. The other sister, the complainant, Mary, sold her interest under the -will to her co-complainants, reserving a life estate. The defendant is the surviving executor of the ■will, and, under it, had advertised the land and slaves for sale, when he was enjoined hy this bill.
The complainant, Mary, claims the whole estate, upon the ground, that, at the termination of the life estate, she was the only legatee, and therefore, as the property was given to the brother and sisters, as a class, she is entitled to the whole, as she alone answered the description at that time. That doctrine can have no application to a case like this. There was no uncertainty or contingency as to the legatees. He had only one brother and two sisters, and to them the remainder is given. The gift is as perfect and explicit as to the persons who are to take, as if they were named; the remainder vested in his brother William, and sisters, Margaret and Mary, under the description of brother and sisters, upon the death of the testator, in the same manner as if their names had been inserted. We are unable to see how the fact about which there seems to have been some controversy, that is, whether, in the original will the word used in the disposition of the remainder was “ brother, or brothers,” can have any effect in the construction. It is certain he had but the one brother, and we have no doubt but that the word was in the singular, and not plural number. But that could not afford the least aid in the construction, that we can perceive. Whether a fund is an aggregate one, passing to the legatees, as a class, in which case only those who constitute the class, or answer the description, at the time the estate falls, can take, or devolves upon and vests in the individuals of the class described, so as to descend to their heirs, or pass by alienation, is often a question of very great difficulty in its application. But there has been enough written in our *495 cases, upon that doctrine, and it is only necessary to apply the principles settled upon it, to new cases, as they may arise.
We have no hesitation in holding that, in the case under consideration, the complainant is only entitled to one-third of the property.
Such was the decree of the Chancellor, and it is affirmed.